Filed 10/30/14  DePhillips v. DirectTV CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| RUSSELL M. DEPHILLIPS, as Trustee, etc., <br><br> Defendant and Appellant, <br><br> v. <br><br> DIRECTV, INC., <br><br> Plaintiff and Respondent. | B250247 <br><br> (Los Angeles County <br> Super. Ct. No. BS128925) |

APPEAL from a judgment of the Superior Court of Los Angeles County; Ruth Ann Kwan, Judge.  Reversed.

Munger, Tolles & Olson, Ronald L. Olson, Fred A. Rowley, Jr., Anjan Choudhury, Ray S. Seilie, Thomas P. Clancy; Kirby, Noonan, Lance & Hoge and Michael L. Kirby for Defendant and Appellant.

Quinn Emanuel Urquhart, Kathleen M. Sullivan, Michael E. Williams, Justin C. Griffin, and A.J. Bedel, for Plaintiff and Respondent.

_____

This is a contract termination dispute. DirecTV contracted with Professional Satellite to recruit new customers, but DirecTV terminated the contract without the proper amount of notice. At arbitration, Professional Satellite won in a two-to-one split. DirecTV petitioned the trial court to vacate this arbitration award. We assume without deciding the trial court was right to review the arbitration award for errors of law or legal reasoning. Our review is de novo. (*Gravillis v. Coldwell Banker Residential Brokerage Co.* (2010) 182 Cal.App.4th 503, 511.) The trial court concluded the arbitrators made three legal errors. We disagree and therefore reverse the trial court's order vacating the arbitration award.

I

The parties differed about which document governed their relationship. There were three relevant documents: the 1998 contract, the 2004 contract, and the 2006 contract *proposal*. The parties agree they signed the 1998 and 2004 documents and thereby created effective contracts. With respect to the 2006 document, DirecTV does not challenge the arbitrators' majority finding that Professional Satellite never signed the proposal.

Rather, DirecTV takes the position that, through its conduct, Professional Satellite *ratified* DirecTV's 2006 proposal. The arbitrators rejected this ratification argument, but the trial court mistakenly accepted it.

Professional Satellite never ratified the 2006 proposal. Ratification requires that the ratifier "affirmatively endorsed" the disputed contract proposal at a time that reveals assent. (*Rakestraw v. Rodrigues* (1972) 8 Cal.3d 67, 75; see also *id*. page 73 ["A purported agent's act may be adopted expressly or it may be adopted by implication based on conduct of the purported principal from which *an intention to consent* to or adopt the act may be fairly inferred, including conduct which is 'inconsistent with any reasonable intention on his part, other than that he *intended approving and adopting* it.'" (Italics added.).]

The facts do not show ratification. Neither DirecTV nor Professional Satellite treated each other as though the 2006 proposal were in effect. DirecTV continued its

2

contractual relations with Professional Satellite as if only the 2004 contract were in effect by repeatedly making payments to Professional Satellite based on the 2004 contract. DirecTV never attempted to enforce the 2006 document — until it decided to terminate Professional Satellite at a time when Professional Satellite's business was declining. When DirecTV informed Professional Satellite the 2006 proposal was in effect, Professional Satellite expressed surprise and "confronted [DirecTV executives] and vociferously denied the existence of the 2006 contracts, insisting [to DirecTV] that [an earlier contract] was the operative contract between the parties . . . ." DirecTV failed to produce evidence to the arbitrators of its insistence that — in response to Professional Satellite's vociferous denial — the 2006 document indeed was the operative contract. These facts do not show ratification. Indeed, they contradict it.

DirecTV cites *Behniwal v. Mix* (2005) 133 Cal.App.4th 1027, 1040, which did not involve facts contradicting ratification.

DirecTV also makes an erroneous argument about the so-called Nayna disclosure. DirecTV argues that Professional Satellite included the 2006 proposal among some 90 contracts it listed in connection with a corporate transaction with a company called Nayna, and that this listing signifies ratification. But what was the meaning of this listing, which was not specifically addressed to or intended for DirecTV? What did the listing reveal about the state of mind of Professional Satellite's management? These questions are factual. Professional Satellite may have included this document among 90 others out of a lawyerly abundance of caution, the inclusion of this one document among dozens of others may have been simple inadvertence, or it may show that Professional Satellite considered the 2006 proposal a contract. As finders of fact, the arbitrators were positioned to gauge the significance of this corporate listing in the context of all interactions between DirecTV and Professional Satellite. The arbitrators rejected the conclusion of ratification, which in this case (as in most) was a largely factual issue. This factual conclusion was not an error of law or legal reasoning. It was beyond the power of the trial court to descend into this factual domain, which was the exclusive preserve of the arbitrators.

## II

The second mistaken conclusion was that the arbitrators erred in their understanding of the proper relationship between the 1998 and 2004 contracts. The arbitrators correctly found the two agreements so inconsistent in their critical elements as to cause their simultaneous application to be virtually impossible. The arbitrators were right for an array of reasons. For instance, section 1.3 of the 1998 agreement permitted Professional Satellite to promote and sell satellite television orders for companies that competed with DirecTV, while section 1.3 of the 2004 agreement expressly barred this practice. The 2004 agreement entitled Professional Satellite to one year's notice before termination. But on July 2, 2007 DirecTV wrote Professional Satellite that DirecTV was terminating Professional Satellite on 30 days notice. This improper termination violated the 2004 contract and entitled Professional Satellite to contract remedies, as the arbitrators properly found.

This contract analysis involves no parol evidence. The trial court faulted the arbitrators for considering inadmissible parol evidence. It is not obvious this supposed parol evidence affected the arbitrators' thinking at all. Whether it did, however, does not matter because, parol evidence or no, DirecTV's termination gave Professional Satellite rights to compensation under the 2004 contract, as the arbitrators correctly concluded.

## III

The third mistaken conclusion was that the arbitrators erred by deciding one side's damages expert was right and the other side's was wrong. DirecTV and Professional Satellite both advanced their damages claims in the form of expert testimony. The arbitrators decided this battle of the experts by accepting the Professional Satellite expert, who was Dr. Kennedy, and by rejecting the DirecTV expert, who was Mr. Strong.

After the arbitration and before the trial court, DirecTV amended Mr. Strong's damages figures to advance a "setoff" (or "off-set") theory worth $25.4 million or perhaps $36.6 million or perhaps "more than one hundred million dollars . . . ." But then it was too late in the day to introduce new precise (or vague) damages figures. The finder of fact — here, the arbitration panel — is entitled to have the contestants state their

4

damages conclusions with precision and finality. (See *Conrad v. Ball Corp.* (1994) 24 Cal.App.4th 439, 444–445.) This is so despite the fact that DirecTV mentioned setoff in its answer and in passing in an arbitration brief. When DirecTV wrote that its expert Strong's calculations properly reflected the measure of damages, it was not legal error for the arbitrators to accept this representation at face value.

DISPOSITION

The trial court's order is reversed. The case is remanded for entry of an order confirming the arbitration award. Appellant shall recover its costs on appeal.

NOT TO BE PUBLISHED


WILEY, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.